16 C 6983, Lynn Sanchez v. Catholic Bishop of Chicago, et al

Jury Instructions

FILED

NOV 1 7 2017

JUDGE REBECCA R. PALLMEYER
UNITED STATES DISTRICT COURT

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

Certain things are not to be considered as evidence. I will list them for you.

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You must also decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider statements given by a party or witness under oath before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his or her testimony here in court, you may consider the earlier statement or conduct only in deciding whether his or her testimony here in court was true and what weight to give to his or her testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

It is proper for a lawyer to meet with any witness in preparation for trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find" or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

You have heard a recording that has been received in evidence. This recording is proper evidence and you may consider it, just as any other evidence.

You have been given a transcript to use as a guide to help you. The transcript is not evidence of what was actually said or who said it. It is up to you to decide whether the transcript correctly reflects what was said and who said it. If you notice any difference between what you heard on the recording and what you read in the transcript, you must rely on what you heard, not what you read. And if after careful listening, you do not believe you heard or understood certain parts of the recording, you must ignore the transcript as far as those parts are concerned.

A floor plan of the IC parish third floor, a photograph of the IC computer room, and a summary of IT invoices, have been shown to you.  These exhibits are used for convenience and to help explain the facts of the case.  They are not themselves evidence or proof of any facts.

In this case, the defendant is a corporation.  All parties are equal before the law.  A corporation is entitled to the same fair consideration that you would give any individual person.

A corporation can only act through its employees, agents, directors, and officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of their authority.

An employer has a responsibility to provide its employees with a workplace free of discrimination, retaliation, and harassment. When an employer knows or has reason to know of discriminatory, harassing or retaliatory conduct, it must take effective, reasonable steps to correct the situation and prevent the conduct from recurring.

Plaintiff claims that Defendant terminated her employment because she made a report that a third-party vendor viewed inappropriate material on a computer at her workplace.

To succeed on her retaliation claim, Plaintiff must prove that: (1) she engaged in protected activity, (2) Defendant terminated her employment, and (3) there was a causal link between her protected activity and the termination of her employment. If you find that Plaintiff has proven all three things by a preponderance of the evidence, then you must find for Plaintiff. If you find that Plaintiff did not prove one or more of these things by a preponderance of the evidence, then you must find for Defendant.

Engaging in "protected activity" means that an individual has opposed an unlawful employment practice.

A plaintiff claiming retaliation must have a subjective (sincere, good faith) belief that she opposed an unlawful practice and her belief must also be objectively reasonable, which means that the complaint must involve a violation of the law.

It is not necessary for plaintiff's complaints to have included any "magic words" such as "sex discrimination" or "sexual harassment," in order for her complaints to count as "protected activity", so long as the complaint indicates that the discrimination occurred because of the plaintiff's sex, race, national origin, or some other protected class.

To determine that Plaintiff has met the third element of her retaliation claim, causation, you must decide that the Defendant would not have terminated her employment had she not engaged in any protected activity, but everything else had been the same.

If you find that Plaintiff has proved her claim against Defendant, then you must determine what amount of damages, if any, Plaintiff is entitled to recover. Plaintiff must prove her damages by a preponderance of the evidence.

If you find that Plaintiff has failed to prove her claim, then you will not consider the question of damages.

You may award compensatory damages only for injuries that Plaintiff has proved by a preponderance of the evidence were caused by Defendant's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of the injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. The court will calculate and determine any damages for past or future lost wages and benefits. You should consider the following types of compensatory damages, and no others:

The emotional pain and suffering that Plaintiff has experienced or is reasonably certain to experience in the future. No evidence of the dollar value of emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury she has sustained.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

## VERDICT FORM

With respect to Plaintiff's claim that Defendant fired her because of her protected activity, we the jury find in favor of:

**Plaintiff** **___** **Defendant** **___**


**PLEASE MAKE SURE THAT YOU HAVE CHECKED EITHER "PLAINTIFF" OR "DEFENDANT" ABOVE.**

If you found in favor of Plaintiff, please enter the amount of compensatory damages to be awarded to her:

**COMPENSATORY DAMAGES** $_____




Please sign and date this form:


Dated:_____          _____
                                     Presiding Juror


[Signature Lines]


1. _____          2. _____

3. _____          4. _____

5. _____          6. _____

7. _____          8. _____

9. _____          10. _____

11. _____         12. _____